**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

---

JAMILA RAJABI

VERSUS

PAMELA BONDI, ET AL.

CIVIL ACTION NO. 26-0922

JUDGE ALEXANDER C. VAN HOOK

MAGISTRATE JUDGE WHITEHURST

---

## **JUDGMENT**

Jamila Rajabi ("Rajabi") filed a petition for a writ of habeas corpus. Record Document 1. After being referred the petition, the Magistrate Judge issued a well-reasoned Report and Recommendation ("Recommendation"). Record Document 2. The Respondents did not object to the Recommendation and offered no evidence that Rajabi presents a flight risk or danger to the community.[1] After independently reviewing the record, evidence, and pleadings, the Court has concluded that the Recommendation's findings are correct.

Considering the foregoing, and for the reasons stated in the Recommendation,

---

[1] Although the Respondents did not file an objection to the Report and Recommendation, the Court has considered and rejected their earlier argument that the six-month period of presumptive reasonableness under *Zadvydas v. Davis*, 533 U.S. 678 (2001) does not commence until after the 90 day statutory period for removal has expired.  Both the United States Court of Appeals for the Fifth Circuit and district courts have recognized that the six-month period of *Zadvydas* includes the 90 day removal period. *See, e.g.*, *Zadvydas v. Davis*, 285 F.3d 398, 403 (5th Cir. 2002) (noting that the six month period "apparently begin[s] with the beginning of the removal period."); *Galtogbah v. Sessions*, No. 18-880, 2019 WL 3766280, at *1 (W.D. La. June 18, 2019) ("[T]he Supreme Court and the Fifth Circuit have both found that the presumptively reasonable six-month period includes the statutory 90-day removal period."); *Marquez-Amaya v. Thompson*, No. 25-1501, 2025 WL 3654327, at *3 (W.D. Tex. Dec. 15, 2025) ("This six-month period [of *Zadvydas*] includes the 90-day removal period.").

1

**IT IS ORDERED** that the Petition for Writ of Habeas Corpus, Record Document 1, is **GRANTED**. The Petitioner shall be **RELEASED** immediately and under appropriate conditions as determined by the Department of Homeland Security. **THE CLERK IS INSTRUCTED** to send this judgment to the Civil Chief of the United States Attorney's Office for the Western District of Louisiana.

**DONE AND SIGNED** at Shreveport, Louisiana, this 29th day of June, 2026.

ALEXANDER C. VAN HOOK
UNITED STATES DISTRICT JUDGE